## JACK FREEMAN *v.* THE STATE.

1. INCEST — ACCOMPLICE TESTIMONY.— At the appellant's trial for incest with his step-daughter she was the principal witness for the State, and portions of her testimony tended to inculpate herself. *Held,* that the trial court should have given in charge to the jury the statutory provisions controlling accomplice testimony and its corroboration.

2. SAME.— If a witness implicates himself, his statement that his participation was compulsory raises an issue of fact on the solution of which depends the question whether his testimony is or is not that of an accomplice.

APPEAL from the District Court of Smith. Tried below before the Hon. JOHN C. ROBERTSON.

The indictment charged the appellant with incestuous intercourse with Jane Taylor, a daughter of his wife by a former husband. The verdict of conviction assessed his punishment at five years in the penitentiary.

The only evidence of the criminal intercourse was the testimony of Jane Taylor herself, a girl in her thirteenth year. She stated that the appellant took her into the bushes and then to an old out-house, where he kept her all night, and that he had sexual connection with her twice. The witness testified that she did not want the appellant to do so, and that it hurt her very much, being her first experience of the kind; but it does not appear that she made any objection, outcry, or resistance at the time, and the next day she gave to another State's witness a false account of her whereabouts the preceding night.

Jennie Freeman, the mother of Jane Taylor and wife of the appellant, testified for the defense, but disclosed nothing of significance except the fact that Jane made no complaint of soreness the day after her nocturnal experiences with the appellant, and went to school as usual.

*C. G. White*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The indictment charges that the appellant, Jack Freeman, on or about July 10, 1881, in Smith county, state of Texas, "did then and there unlawfully, knowingly and feloniously carnally know and have carnal intercourse with one Jane Taylor, the daughter of Jennie Freeman by a former marriage, she the said Jennie Freeman being then and there the wife of said Jack Freeman, and he the said Jack Freeman well knew the said Jane Taylor to be the daughter of his said wife Jennie Freeman at the time of his said carnal intercourse with her the said Jane Taylor as aforesaid." Having been tried and convicted and sentenced to the State penitentiary for a period of five years, the defendant has appealed to this court, his motion for a new trial having been overruled.

It is provided by statute that "All persons who are forbidden to marry by articles 330 and 331 of the Penal Code, who shall either intermarry or carnally know each other, shall be punished by imprisonment in the penitentiary not less than two nor more than ten years." Penal Code, art. 329. In article 330 are enumerated the females the law prohibits a man from marrying, and in article 331 are in like manner enumerated the male persons a female is prohibited from marrying in this State. Among the former it is declared that no man shall marry his wife's daughter, and among the latter it is declared that no woman shall marry her mother's husband after the death of her mother. Therefore if a man shall marry or

carnally know his wife's daughter he would be guilty of the offense denounced in article 329, whilst, agreeably to the wording of the statute in article 331, a female is not prohibited from marrying her mother's husband until after the death of her mother. Thus the statute reads. Under the law the man was liable, whether the other party was or not, and his guilt was not dependent on her liability to prosecution.

On the trial below the principal witness for the State was the female named in the indictment of whom the defendant is charged to have had carnal knowledge. Under this state of case, counsel for the defendant requested the court to instruct the jury that the female was *particeps criminis*, and that they could not convict the defendant on her testimony unless corroborated by other evidence. The court refused to so instruct the jury, and a bill of exceptions was reserved. This ruling being assigned as error, it becomes necessary for this court to determine whether or not the prosecuting witness was an accomplice whose testimony needed corroboration in order to support a conviction. Mr. Wharton, in his recent work on criminal evidence, § 440, says: "An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime. The coöperation in the crime must be real, not merely apparent. Hence, although a woman who coöperates voluntarily with others to procure an abortion on herself is an accomplice, it is otherwise when she is the victim of force, fraud, or undue influence." With us, this court in *Watson* v. *State*, 9 Texas Ct. App. 237, held on a full examination of authority, that a woman who assented to the giving her a drug in order to procure an abortion, was a victim and not an accomplice, and did not require to be corroborated. See the case and the authorities there cited. An informer who purchases intoxicating liquors sold contrary to law, for the purpose of

prosecuting the seller, is not an accomplice in the sense of requiring to be corroborated, and so of one of the bettors at the same game of faro, and of a detective who feigned complicity. *Stone* v. *State,* 3 Texas Ct. App. 675; *Wright* v. *State,* 7 Texas Ct. App. 574. If a witness implicates himself, it is immaterial that he claims to have been coerced. *Davis* v. *State,* 2 Texas Ct. App. 588. It would seem that, in order to determine whether the witness in the present case was an accomplice or not, in the sense of requiring corroboration, the proper inquiry would be, did she knowingly, voluntarily, and with the same intent which actuated the defendant, unite with him in the commission of the crime charged against him? If she did, she was an accomplice, and her uncorroborated testimony would not support a conviction.

In our opinion this inquiry must be answered in the affirmative, and that a proper instruction on the subject of the necessity of corroborating the girl's testimony should have been given.

The other errors assigned are not deemed well taken, and need not be specifically considered. For the error in the charge of the court, the judgment will be reversed and the case remanded.

*Reversed and remanded.*